Page, J.
This matter comes before the court on Plaintiffs motion for speedy trial and other requested relief. Specifically, plaintiff requests that this court order the defendants to (1) depose representatives of Nextel Corporation and (2) provide expert witness interrogatory answers to plaintiff and (3) make defendant’s expert witness available for deposition. Plaintiff alleges intentional delay by the defendant in providing and completing discovery ordered by this court on August 20, 2000. Plaintiff also requests that this case be given special trial status.
The defendants have filed a cross motion to compel Robert Kocher, plaintiffs domestic partner, answer specific questions during his deposition. Additionally, defendant’s request that this court order plaintiff to produce a “career time line" and plaintiffs notes of conversations with Mass Mutual employees.
This court ha been kept informed of the parties’ progress in completing discovery, including depositions of out of state witnesses. Accordingly, this court rules as follows.
The defendant’s motion to compel Robert Kocher to answer deposition questions is DENIED. There is no evidence that plaintiff waived attorney/client privilege by the presence of her domestic partner, Robert Kocher, during her meetings with counsel. Furthermore, as noted in plaintiffs brief, the intent of the plaintiff is what controls in determining whether a privilege has been waived. To claim that Kocher’s presence during the meetings with plaintiffs counsel destroys the attorney/client privilege flies in the face of reason. As such, the defendant’s motion to have plaintiff pay for the cost of deposing Kocher is likewise DENIED.
The defendant’s motion to compel the production of plaintiffs notes of meetings with Susan Alfano and Peter Daboul and the career time line is DENIED. It is clear these notes and time lines were created at the direction of counsel and in anticipated of litigation. They were not made contemporaneously with the meeting in question.
It is hereby ORDERED that all depositions (including those of out of state witnesses) be completed by Monday, June 11, 2001, and that the defendant’s provide their expert witness interrogatory answers to the plaintiff by that date.
It is further ORDERED that this case be scheduled for further pre-trial conference on Wednesday, July 25, 2001 and given a first case out trial status in September 2001.